United States District Court
Southern District of Texas

**ENTERED**
June 29, 2021
Nathan Ochsner, Clerk

## In The United States District Court
## For The Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| **Michele Willis** *Plaintiff*, | § § § | Civil Action No. 4:21-cv-00752 |
| v. | § § | Jury Trial |
| **Aker BioMarine Manufacturing, LLC,** *Defendant*. | § § § § § | |

### JOINT MOTION FOR ENTRY OF
### CONFIDENTIALITY AND PROTECTIVE ORDER

Defendant Aker BioMarine Manufacturing, LLC and Plaintiff Michele Willis jointly request the Court enter the attached Confidentiality and Protective Order.

1. The parties believe in good faith that certain information and documentation relevant to this lawsuit contains confidential, proprietary, highly sensitive, and/or private information.

2. To preserve the confidentiality of such information, the parties have agreed to the terms of the Confidentiality and Protective Order submitted with this Joint Motion and respectfully request that the Court enter the Confidentiality and Protective Order. Further, the parties mutually agree that the Confidentiality and Protective Order shall be in full force and effect between the parties as of June 25, 2021, even before the Court has signed or entered the same.

3. Counsel for both parties have conferred and agreed to the terms of the Confidentiality and Protective Order in all respects, and this motion is jointly brought by both parties.

*Respectfully submitted,*

| | |
|---|---|
| /s/ *Chris McJunkin* | /s/ *Sara C. Longtain* |
| **Adam Poncio** | **Sara C. Longtain** |
| Texas State Bar No. 16109800 | Texas State Bar No. 24052173 |
| S.D. Texas No. 194847 | S.D. Texas No. 891047 |
| PONCIO LAW OFFICES | LOCKE LORD LLP |
| 5410 Fredericksburg Road, Suite 109 | 600 Travis Street, Suite 2800 |
| San Antonio, Texas 78229-3550 | Houston, Texas 77002-3095 |
| (210) 212-7979 | (713) 226-1346 |
| aponcio@ponciolaw.com | slongtain@lockelord.com |
| **Attorney in Charge for Plaintiff Scott Stowers** | **Attorney in Charge for Defendant Aker BioMarine Manufacturing, LLC** |
| **Of Counsel:** | **Of Counsel:** |
| Chris McJunkin | Lani Durio |
| LAW OFFICE OF CHRIS MCJUNKIN | LOCKE LORD LLP |
| Texas State Bar No. 13686525 | Texas State Bar No. 24105828 |
| S.D. Texas No. 23548 | S.D. Texas No. 3157570 |
| 4510 Anthony Street | 600 Travis Street, Suite 2800 |
| Corpus Christi, Texas 78415 | Houston, Texas 77002-3095 |
| (361) 882-5747 | (713) 226-1533 |
| cmcjunkin@stx.rr.com | Lani.durio@lockelord.com |

## Certificate of Service

I hereby certify that on June 25, 2021 a true and correct copy of this document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via electronic filing or facsimile as follows:

| | |
|---|---|
| **Adam Poncio**<br>PONCIO LAW OFFICES<br>5410 Fredericksburg Road, Suite 109<br>San Antonio, Texas 78229-3550<br>(210) 212-7979<br>aponcio@ponciolaw.com | **Chris McJunkin**<br>LAW OFFICE OF CHRIS MCJUNKIN<br>4510 Anthony Street<br>Corpus Christi, Texas 78415<br>(361) 882-5747<br>cmcjunkin@stx.rr.com |

*/s/ Lani Durio*
**Lani Durio**

## Certificate of Conference

By my signature below, I certify that on June 24, 2021, I conferred with Plaintiff's counsel, Chris McJunkin, regarding this Joint Motion and the corresponding Confidentiality and Protective Order via email. Plaintiff's counsel informed me that he is in agreement with all terms and obligations of this Joint Motion and the Confidentiality and Protective Order.

*/s/ Andrew W. Reed*
**Andrew W. Reed**

In The United States District Court
For The Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **Michele Willis,**<br>*Plaintiff,*<br><br>v.<br><br>**Aker BioMarine**<br>**Manufacturing, LLC,**<br>*Defendant.* | § § § § § § § § § § | Civil Action No. 4:21-cv-00752<br>Jury Trial |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

### 1. Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### 2. Qualified Persons

"Qualified Persons" means:

a. For "For Counsel Only" or "Attorneys Eyes Only" information:

92317216v.1

  i. retained counsel for the parties in this litigation and their respective staff;

  ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

  iii. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

 b. For "Confidential Information":

  i. the persons identified in subparagraph 2(a);

  ii. the party, if a natural person;

  iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

  iv. litigation vendors, court reporters, and other litigation support personnel;

  v. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy.

 c. Such other person as this Court may designate after notice and an opportunity to be heard.

**3.   Designation Criteria**

a.   *Nonclassified Information.* Classified Information shall not include information that either:

    i.   is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.  becomes part of the public domain through no fault of the receiving party, as evidenced by a written document;

    iii. the receiving party can show by written document was in the receiving party's rightful and lawful possession at the time of receipt from the producing party; or

    iv. lawfully comes into the receiving party's possession subsequent to the time of receipt from the producing party from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.   *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or

disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

    c.    *For "For Counsel Only" or "Attorneys Eyes Only"*. The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, including, for any opposing party that is a corporate party, any of the employees of that corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

### 4. Use of Classified Information

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms of this Protective Order.

## 5. Marking of Documents

Documents provided in this litigation may be designated by the producing party or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

## 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential", "For Counsel Only", or "Attorneys Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days after the date of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each

copy of such transcript in that party's possession, custody, or control. All deposition transcripts shall be treated as "For Counsel Only" for a period of 30 days after the date of initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a

protective order or confidential treatment of such information. Information designated as "For Counsel Only" or "Attorneys Eyes Only" shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

      b. *Retention of Copies During this Litigation.* Copies of information designated as "For Counsel Only" or "Attorneys Eyes Only" shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

## 8. Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified Information, the receiving party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and

shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such Classified Information.

## 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as "For Counsel Only" or "Attorneys Eyes Only" during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

## 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Protective Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

## 11. Challenging the Designation

a.   *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the

designation. In the event that any party to this litigation objects at any stage of these proceedings to the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

      b.    *Qualified Persons.* In the event that any party in good faith objects to the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the such subsequent request for Classified Information to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information.

The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

### 12. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

### 13. Filing Under Seal

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the Court.

**14. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 18. Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

### 19. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

It is SO ORDERED this **28** day of **June**, 2021.

_____
UNITED STATES DISTRICT JUDGE